Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Trecia Phillips,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
Trecia Phillips, on behalf of                                  Civil Action No.
herself and all others similarly situated

                Plaintiffs,                                    CLASS ACTION
                                                                            COMPLAINT
   v.

McKenna, DuPont, Higgins & Stone, PC                   NO JURY TRIAL DEMANDED

               Defendant.
---------------------------------------------------------X

       Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## **INTRODUCTION**

1. Trecia Phillips ("Plaintiff"), on her own behalf and on behalf of the class she seeks to represent, bring this action to secure redress for the debt collection practices utilized by McKenna, DuPont, Higgins & Stone, PC ("MDH&S" or "Defendant") in connection with their attempts to collect alleged debts from herself and others similarly situated.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. See 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:
    i. The acts giving rise to this lawsuit occurred within this District; and
    ii. Defendant does business within this District.

## PARTIES

7. Plaintiff, Trecia Phillips, is an individual natural person who at all relevant times resided in the City of Rahway, County of Union, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, MDH&S, is a professional corporation with its principal place of business located at 229 Broad Street Red Bank, NJ 07701.

10. The principal purpose of MDH&S is the collection of debts using the mail and telephone.

11. MDH&S regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. MDH&S is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

**FACTS**

13. Sometime prior to October 2018, Plaintiff allegedly incurred a financial obligation to HOP Energy, LLC d/b/a/ Metro Energy related to a home heating oil account for the Plaintiff's residence (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from a home heating oil account for the Plaintiff's residence.

15. Plaintiff's personal home heating oil Debt to HOP Energy, LLC d/b/a/ Metro Energy was neither opened nor used by Plaintiff for business purposes.

16. Plaintiff's personal home heating oil Debt to HOP Energy, LLC d/b/a/ Metro Energy is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

18. On or before October 29, 2018, the Debt was allegedly referred by HOP Energy, LLC d/b/a/ Metro Energy to MDH&S for the purpose of collections.

19. The Debt was never assigned to MDH&S.

20. HOP Energy, LLC d/b/a/ Metro Energy never transferred, sold or assigned any of their property, interest or rights with regard to the Debt to MDH&S.

21. No privity of contract exists between Defendant and Plaintiff such that Defendant has standing to sue Plaintiff for non-performance of any legal obligation of the Plaintiff arising from or with regard to the Debt.

22. Defendant is merely a third-party debt collector with no legal interest or right in the Debt.

23. Defendant contends that the Debt is past-due and in default.

24. At the time the Debt was referred to MDH&S, the Debt was past-due.

25. At the time the Debt was referred to MDH&S, the Debt was in default.

26. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

27. On or about October 29, 2018 MDH&S mailed or caused to be mailed a letter (the "Letter") to Plaintiff. (Annexed and attached hereto as Exhibit A is a true copy of the Letter dated October 29, 2018 sent by MDH&S to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

28. MDH&S mailed the Letter dated October 29, 2018 attached as Exhibit A as a part of their efforts to collect the Debt.

29. Plaintiff received the Letter attached as Exhibit A in the mail.

30. Plaintiff read the Letter attached as Exhibit A upon receipt of the letter in the mail.

31. Exhibit A was sent in connection with the collection of the Debt.

32. Exhibit A seeks to collect the Debt.

33. Exhibit A states in relevant part, "WE ARE ATTEMPTING TO COLLECT A DEBT…"

34. Exhibit A states in relevant part, "This office is acting as a debt collector…"

35. Exhibit A conveyed information regarding the Debt including the partial balance allegedly owed, account number, and a demand for payment.

36. The Letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

37. Exhibit A represents MDH&S's initial collection "communication" with the Plaintiff as communication is defined by 15 U.S.C. §1692a(2).

38. MDH&S's collection practice is a high-volume practice.

39. MDH&S's debt collection practice is largely automated and utilizes standardized form letters.

40. Documents in the form represented by Exhibit A are regularly sent by MDH&S to collect debts from consumers.

41. Exhibit A is a standardized form letter.

42. Exhibit A is a computer-generated form letter.

43. MDH&S mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New Jersey consumers from whom they attempted to collect a consumer debt.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. §1692g)

44. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

45. The conduct of the Defendant in this case violates 15 U.S.C. §§1692, 1692g, 1692g(a)(1) and 1692g(a)(3).

46. The FDCPA at § 1692g requires a debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

> (1) the amount of the debt;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector

47. Collection letters and/or notices, such as <u>Exhibit A</u> sent by MDH&S to Plaintiff, are to be evaluated by the objective standard of the "least sophisticated consumer."

48. The Letter violates § 1692g(a)(1) because it does not effectively convey "the amount of the Debt" that the Plaintiff allegedly owed at the time the Letter was sent. The Letter only discloses the *principal balance* of the Debt that the Plaintiff allegedly owed, not the *total amount* of the Debt she allegedly owed. The Letter states that the Plaintiff owes $1,176.38 but then also states that in addition to the $1,176.38, the Plaintiff also owes an undisclosed amount of "reasonable attorney fees". The Letter does disclose the amount of the "reasonable attorney fees" or give any indication as to how much those "reasonable attorney fees" are. The Plaintiff did not know by reading the Letter the *total amount* of the Debt she allegedly owed, but rather only knew what amount one portion of the Debt totaling $1,176.38 was.

49. It is well settled that a debt collector does not comply with § 1692g(a)(1) by merely stating only one portion of the alleged debt and not the total amount of the alleged debt in a collection letter. The Seventh Circuit Court of Appeals examined a similar question where a collection letter only provided the unpaid principal balance due, rather than the total debt due. See <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark</u>, LLC, 214 F.3d 872 (7th Cir. 2000). Therein, Chief Judge Posner reasoned that "[t]he unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt. . . It is no excuse that it was 'impossible' for the Defendants to comply when as

in this case the amount of the debt changes daily. What would or might be impossible for the Defendants to do would be to determine what the amount of the debt might be at some future date if for example the interest rate in the loan agreement was variable. *What they certainly could do was to state the total amount due — interest and other charges as well as principal — on the date the dunning letter was sent. We think the statute required this*." Id. at 875. (Emphasis Added)

50. Similar to the Miller case above, the Letter from Defendant only provides one portion of the alleged Debt the Plaintiff owed to HOP Energy, LLC d/b/a/ Metro Energy and not the total amount of the Debt she allegedly owed as of the date of the Letter. The Letter does not disclose how much in "reasonable attorney fees" the Plaintiff owed in addition to the $1,176.38 principal balance of the Debt, and therefore the Letter did not state the total "amount of the Debt" as required by § 1692g(a)(1). As previously held by the Seventh Circuit in the Miller case *supra*, and this District in Rivera v. Ralph F. Casale & Associates, LLC, 2014 WL 2571555 (D.N.J. June 9, 2014), the Defendant's Letter therefore violates § 1692g(a)(1) of the FDPCA.

51. The purpose of § 1692g(a)(1) is for the consumer to receive notice of their debt and effective explanation of his or her rights to contest it. See Caprio, 709 F.3d at 148 (relying on Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991)). Plaintiff was not provided with notice of the amount of the Debt allegedly owed such that she could effectively dispute the Debt because the Letter did not provide or otherwise advise to Plaintiff how much she allegedly owed in "reasonable attorney fees" in addition to the principal amount of the Debt. Additionally the Letter did not disclose how the "reasonable attorney fees" were calculated.

52. In the alternative, if no reasonable attorney fees were actually due and owing by the Plaintiff in addition to the $1,176.38 principal balance, then the Letter violates § 1692g(a)(1) because it states that an additional undisclosed amount of money is owed by the Plaintiff in the form of reasonable attorney fees when that is not in fact true.

53. The Letter violates § 1692g(a)(3) because it does not provide the disclosures required to be made by that Section of the FDCPA. Nowhere in the Letter is there a statement that either mirrors or otherwise effectively conveys the information required to be disclosed by § 1692g(a)(3). For example, nowhere does the Letter state or in any other way convey to Plaintiff that if the Debt, or any portion thereof, is not disputed within 30 days of the Plaintiff's receipt of the Letter that the Debt would be assumed to be valid by MDH&S. The Letter merely states: "However, if you fail to contact this office, HOP Energy, LLC d/b/a Metro Energy may consider the debt to be valid…" If this is the language that Defendant uses to comply with § 1692g(a)(3), it is legally deficient as it provides none information about the Plaintiff's dispute rights or timing thereof that is required to be disclosed by § 1692g(a)(3).

54. The Letter also violates § 1692g(a)(3) because by saying "if you fail to contact this office", it can reasonable be read by a least sophisticated consumer to mean that a phone call to Defendant is enough to stop HOP Energy LLC from assuming the Debt is valid, when it is well settled that, in the Third Circuit, a dispute of a debt, to be effective, must be in writing.  Caprio v. Healthcare Revenue Recovery Group, LLC 709 F.3d 142 (3d Cir. 2013).

55. Defendant is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

# COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (15 U.S.C. §1692e)

56. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

57. In sending the Letter attached as Exhibit A, Defendant violated 15 U.S.C. §§1692, 1692e, 1692e(2)(A), 1692e(10).

58. 15 U.S.C. §1692e provides:

    §1692e.    False or Misleading Representations

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of –

    (A) the character, amount or legal status of any debt

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

59. MDH&S's Letter attached as Exhibit A hereto is misleading and/or deceptive to the "least sophisticated consumer", and therefore violates 15 U.S.C. § 1692e(10). The Letter is misleading and/or deceptive because, when read by the least sophisticated consumer, it does not disclose the *total amount* the consumer allegedly owes and makes it impossible for them to effectively dispute their debt because it does not disclose the amount of the "reasonable attorney fees" that Defendant seeks to collect in addition to the principal balance of the debt allegedly owed. Additionally, the Letter does not disclose how those "reasonable attorney fees" were calculated.

60. MDH&S's Letter attached as Exhibit A hereto is misleading and/or deceptive to the "least sophisticated consumer", and therefore violates 15 U.S.C. § 1692e(10). The Letter

is misleading and/or deceptive because it provides none of the disclosures required by § 1692g(a)(3).

61. MDH&S's Letter attached as <u>Exhibit A</u> hereto is misleading and/or deceptive to the "least sophisticated consumer", and therefore violates 15 U.S.C. § 1692e(10). The Letter is misleading and/or deceptive because it implies that a phone call to Defendant is enough for the Plaintiff to effectively dispute the Debt in violation of the Third Circuit's ruling in <u>Caprio v. Healthcare Revenue Recovery Group</u>, LLC 709 F.3d 142 (3d Cir. 2013).

62. MDH&S's Letter attached as <u>Exhibit A</u> violated § 1692e(2)(A) because it contains a false representation as to the amount of the Debt. The Letter contains a false representation as to the amount of the Debt because it did not disclose the entire amount of the Debt, but rather only a portion of the Debt. Had the Plaintiff paid $1,176.38 to Defendant upon receiving the Letter, that would not have paid off the Debt but rather Defendant would still seek the undisclosed amount of "reasonable attorney fees" referenced in the Letter, and thus the Letter violates § 1692e(2)(A).

63. In the alternative, if no reasonable attorney fees were actually due and owing by the Plaintiff in addition to the $1,176.38 principal balance, then the Letter violates § 1692e(2)(A) because it makes a false representation as to the amount of the Debt by falsely stating that additional fees were owed on top of the $1,176.38 principal balance, when in fact they were not.

64. Plaintiff has alleged a particularized injury because the letter attached as <u>Exhibit A</u> was were mailed and directed to her.

65. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive debt communications and Defendant's violations of the FDCPA results in concrete harm to Plaintiff.

66. Defendant is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

## CLASS ALLEGATIONS

67. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

68. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

69. The Class is initially defined as (a) all consumers; (b) with a New Jersey address; (c) who were sent a letter from MDH&S in a form materially identical or substantially similar to the Letter attached as Exhibit A; (d) which was not returned by the post office as undeliverable; (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action; and (f) where the letter included the alleged conduct and practices described herein.

70. The class definitions above may be subsequently modified or refined.

71. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

72. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity:** Plaintiff is informed and believes and on that basis alleges that the class defined above are so numerous that joinder of all members would be impracticable. Defendant's conduct involves the sending of form collection letters. Upon information and belief, there are at least 40 members of the class. The exact number of class members of each class is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

    ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and §1692g; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

    iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from

the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Counts I and II may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that MDH&S violated 15 U.S.C. §1692e and 15 U.S.C. §1692g;

3. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
May 10, 2019

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
Attorney for Plaintiff
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
rlg@lawgmf.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

                          The Law Offices of Gus Michael Farinella, PC

                    /s/ Ryan Gentile
By:_____
                    Ryan Gentile